UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THIRD DAY CAPITAL, INC.,

    Plaintiff,

v.                                                          Case No: 6:16-cv-1314-Orl-40TBS

NATIONSTAR MORTGAGE, LLC,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's Motion to Dismiss the Complaint (Doc 11), and Plaintiff's response (Doc. 20). Upon due consideration, I respectfully recommend that the motion be **GRANTED** and that the case be dismissed.

### Background

On June 3, 2016, Plaintiff, Third Day Capital, Inc., filed this action in state court against Defendant Nationstar Mortgage, LLC ("Nationstar"), as successor in interest to BAC Home Loan Servicing, L.P. f/k/a Countrywide Home Loans Servicing, LP, itself successor in interest to Universal America Mortgage Company, LLC. (Doc. 2). The complaint seeks to quiet title to real property located in Orange County, Florida, and to declare Nationstar's first mortgage encumbering the property void (Id.).[1] Nationstar removed the action to this Court (Doc. 1), and filed the instant motion to dismiss.

The parties do not dispute the relevant facts, and ask the Court to take judicial notice of related state court and bankruptcy court filings.[2]

---

[1] As successor in interest, Defendant Nationstar is the current holder of the promissory note and mortgage that are the subject of this action.

[2] The motion includes a request for judicial notice of certain filings related to a foreclosure action filed in 2008 (Doc. 11 at 3-4). In its response to the motion, Plaintiff "agree[s] that the Court should take

According to the record,[3] Rafael G. Delgado and Katherine Delgado executed loan documents and obtained a purchase money mortgage (the "Mortgage") to purchase certain real property (the "Property"). The Mortgage was recorded in the public records of Orange County, Florida on September 20, 2006.

On October 8, 2008, Countrywide filed suit against the Delgado's in the Circuit Court in and for Orange County, Florida, seeking to foreclose the Mortgage (the "Foreclosure Action"). See Countrywide Home Loans, Inc. v. Rafael G. Delgado, Katherine Delgado, *et. al.*, Case No. 2008-CA-026391-0.

In 2009, Rafael Delgado, filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Middle District of Florida. On December 3, 2009, BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P., filed a motion for relief from stay, which was granted on December 30, 2009 (Doc. 2-6). The Order Granting Modification of Stay issued by the bankruptcy court allowed BAC Home Loans to "file and complete an action in State Court for foreclosure of its mortgage" and noted that the relief from automatic stay was entered "for the sole purpose of allowing Movant to obtain an *in rem* judgment against the property provided, that the Movant shall not seek or obtain an *in personam* judgment against the debtor." Id.

The Foreclosure Action remained active and pending until it was voluntarily dismissed on March 26, 2013 (Doc. 11-2).

---

judicial notice of the various prior actions involving the subject note and mortgage, including the prior bankruptcy proceeding." (Doc. 20 at 2). In ruling on a motion to dismiss, the Court may take judicial notice of relevant court records. See FED. R. EVID. 201.

[3] These facts are taken from the well pled allegations of the complaint, the exhibits attached thereto, the state court record in Countrywide Home Loans, Inc. v. Rafael G. Delgado, Katherine Delgado, et. al, Case No. 2008-CA-026391-0, and the bankruptcy court record in In re: Rafael G. Delgado, Case No. 6:09-bk-16973-KSJ, United States Bankruptcy Court for the Middle District of Florida.

- 2 -

Plaintiff obtained title to the Property on February 9, 2016, by purchase at a judicial sale subsequent to a lien foreclosure action styled <u>Wyndham Lakes Estates Homeowners Association, Inc., v. ZMB Investment Services, LLC,</u> Case No. 2014-CA-011746-0 filed in the Circuit Court in and for Orange County, Florida. This case was filed shortly thereafter.

In its complaint, Plaintiff seeks judicial discharge of the Mortgage, alleging that it is unenforceable due to expiration of the applicable statute of limitations (Count I) and on the basis of laches, pursuant to Sections 55.154 and 95.11(6), Florida Statutes (Count II). Defendant contends that neither of these claims is viable as a matter of law to discharge the Mortgage on these facts.

## Discussion

### *The Standard of Review*

For the purposes of a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the well-pled allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. <u>Jackson v. Okaloosa County, Fla.</u>, 21 F.3d 1531, 1534 (11th Cir.1994); <u>Scheuer v. Rhodes,</u> 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). When evaluating a complaint, a court looks to see whether the claim "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). Federal Rule of Civil Procedure 8 demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Iqbal</u>, 556 U.S. at 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Cobb v. Florida</u>, 293 Fed.Appx. 708, 709 (11th Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 555). A claimant is required to provide "more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

The court must dismiss a claim when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist., 992 F.2d1171, 1174 (11th Cir. 1993).

*Count I - Quiet Title*

In order to state a claim for quiet title under Florida law, a plaintiff must establish that: (1) it holds title to the property in question; and (2) a cloud on title exists. Mattison v. Homecomings Fin., LLC., No. 11-01335, 2012 WL 2589351, at *3 (M.D. Fla. July 3, 2012). "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." Stark v. Frayer, 67 So. 2d 237, 239 (Fla. 1953). While Plaintiff has plausibly shown that it has title to the Property and that the Mortgage is a cloud on title, it cannot establish the invalidity of the Mortgage on the facts pled.

Plaintiff contends that the Mortgage is unenforceable because of expiration of the statute of limitations under Florida law. Section 95.11(2)(c) Florida Statues provides that an action to foreclose a mortgage shall be commenced within five years.[4] Plaintiff alleges:

---

[4] This count of the complaint also inexplicably cites to §95.11(6), FLA. STAT. which provides:

> (6) Laches.--Laches shall bar any action unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay. This subsection shall not affect application of laches at an earlier time in accordance with law.

> 12. The actions of BAC Home Loans Servicing, LP in seeking and obtaining relief from the automatic stay provisions of the bankruptcy code constitute its invocation of the default and acceleration provisions of the mortgage for purposes of foreclosing the subject mortgage with the effective invocation date being the date Order on relief from the automatic stay was entered in the Delgado bankruptcy action to allow for a foreclosure action to be commenced in State Court.
>
> * * *
>
> 20. In this case, Nationstar's immediate predecessor in interest, BAC Home Loans Servicing, LP, effectively invoked the acceleration clause when it sought and obtained relief of the bankruptcy stay on December 30, 2009, thus triggering the 5 year statute of limitations period to commence a foreclosure action.
>
> 21. Based on the December 30, 2009 Order Modifying Stay, BAC Home Loans Servicing, LP and its successors in interest were constrained to commence an action to foreclose the subject mortgage on or before December 30, 2014. To date there has been no such action commenced and as such, Plaintiff interest in the subject property is superior to any other interest and is entitled to entry of judgment as a matter of law that the subject mortgage is not enforceable against Plaintiff's interest in the property.

(Doc. 2, ¶¶12, 20-21).

These allegations are at odds with the acknowledged facts of record. Rather than being accelerated upon relief from the bankruptcy stay in 2009,[5] the Mortgage debt was *already* accelerated, upon the filing of the Foreclosure Action in 2008. See Doc. 11-1, ¶5 ("Plaintiff declares the full amount due under the note and mortgage to be now due."). That action was, of course, stayed by the bankruptcy proceeding but remained pending, and upon lifting of the stay, became active, until it was voluntarily dismissed on March 26,

---

[5] I reject the notion that the act of obtaining relief from the bankruptcy stay *ipso facto* accelerates a mortgage. As the court in In re Cecil C. Thomas, 186 B.R. 470, 474 (W.D. Mo. 1995) observed: "A motion for relief from the automatic stay, to allow the creditor to accelerate the debt and foreclose, cannot itself constitute such an acceleration."

2013. As correctly observed by Nationstar, there has not been a five year lapse of time wherein it, or its predecessors in interest, has not sought to enforce the Mortgage. Plaintiff cites no facts or case law to the contrary. As a matter of law, the statute of limitations does not bar enforcement of the Mortgage under these circumstances. Plaintiff's claim is not amenable to amendment on this theory and should be dismissed without leave to amend.

*Count II - Judicial Discharge, §55.145, Fla. Stat.-Laches*

Plaintiff contends in this count that FLA. STAT. § 55.145 coupled with FLA. STAT.§ 95.11(6) serves to discharge the Mortgage. The applicable provision reads:

> 55.145. Discharge of judgments in bankruptcy
>
> > At any time after 1 year has elapsed since a bankrupt or debtor was discharged from his or her debts, pursuant to the act of congress relating to bankruptcy, the bankrupt or debtor, his or her receiver or trustee, or any interested party may petition the court in which the judgment was rendered against such bankrupt or debtor for an order to cancel and discharge such judgment. The petition shall be accompanied by a certified copy of the discharge of said bankrupt or by a certified copy of the order of confirmation of the arrangement filed by said debtor. The petition, accompanied by copies of the papers upon which it is made, shall be served upon the judgment creditor in the manner prescribed for service of process in a civil action. If it appears upon the hearing that the bankrupt or debtor has been discharged from the payment of that judgment or of the debt upon which it was recovered, the court shall enter an order canceling and discharging said judgment. The order of cancellation and discharge shall have the same effect as a satisfaction of judgment, and a certified copy thereof may be recorded in the same manner as a satisfaction of judgment. *This section shall apply only to liens under judgments or obligations duly scheduled in the bankruptcy proceedings*.

FLA. STAT. § 55.145 (emphasis added).

Plaintiff alleges in its complaint that the Mortgage was a lien duly scheduled in the

- 6 -

bankruptcy; Plaintiff is an interested person under this provision; and Delgado was discharged from any liability for the Mortgage lien over six years ago (Doc. 2, ¶¶ 26-28). Therefore, Plaintiff concludes: "Because Nationstar, nor any predecessor in interest ever commenced a timely foreclosure action, and because the mortgage lien ... was duly scheduled in the Delgagdo bankruptcy proceeding, the lien remaining of record for the mortgage is appropriate for judicial discharge" under this provision (Doc. 2, ¶29). Plaintiff is wrong as a matter of law.

The agreed facts establish that Nationstar's predecessor in interest *did* commence a timely foreclosure action and, while Delgado's interest in the Property may have been extinguished in his bankruptcy, Nationstar's was not. See, e.g., Johnson v. Home State Bank, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154, 115 L. Ed. 2d 66 (1991) ("Even after the debtor's personal obligations have been extinguished, the mortgage holder still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property."); Dewsnup v. Timm, 502 U.S. 410, 418, 112 S. Ct. 773, 778, 116 L. Ed. 2d 903 (1992) ("secured interests survive bankruptcy."). The Florida Supreme Court has determined that: "Nothing in Section 55.145 authorizes the invalidation of liens which survive bankruptcy, to the extent there existed property subject to lien when the petition was filed." Albritton v. Gen. Portland Cement Co., 344 So. 2d 574, 576 (Fla. 1977). Plaintiff offers no authority to counter the well-established law. Consequently, this claim fails to state a cognizable cause of action and should be dismissed.

Nationstar raises other arguments, dealing with what Plaintiff contends are "matters of first impression." (Doc. 20 at 1). As Nationstar's primary argument is dispositive, the Court should decline to provide what would amount to an advisory opinion with respect to alternative theories.

### Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED** and the case be **DISMISSED.** As it does not appear that Plaintiff can plead any set of facts which would provide for a cognizable claim under either theory, it is further recommended that the dismissal be without leave to amend, and that the Clerk be instructed to close the file.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on January 26, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record